IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | 1:11cr67-HSO-JMR-1<br>1:16cv392-HSO |
| JE SONG | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion [212] of Defendant Je Song ("Defendant" or "Song") to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, with a supporting Memorandum [213]. After due consideration of the Motion, related pleadings, the record, and relevant legal authority, the Court is of the opinion that Song is not entitled to relief and that his § 2255 Motion should be denied in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Section 2255 Rules") without the requirement of an answer by the United States Attorney and without an evidentiary hearing.

I. FACTS AND PROCEDURAL HISTORY

On July 19, 2011, a Grand Jury returned a 35-count Indictment [3] against Song and six co-Defendants. On October 20, 2011, Song pleaded guilty to Count 22 of the Indictment [3] which charged

> [t]hat on or about May 1, 2011, in Harrison County, in the Southern Division of the Southern District of Mississippi, the defendant [sic], **JE SONG** and **JERRY SPIERS**, and aided and abetted by others known and unknown to the grand jury, knowingly and intentionally distributed and dispensed a controlled substance outside the scope of professional practice, that is, oxycodone, a Schedule II narcotic drug controlled substance, in violation of Sections 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

Indictment [3] at 9.

On January 6, 2012, the Court sentenced Song to a 135-month term of imprisonment as to Count 22. Jan. 6, 2012 Minute Entry. The Court also sentenced Song to a three-year term of supervised release, a $10,000.00 fine, and a $100.00 special assessment. *Id.* The Judgment was entered on January 9, 2012. J. [152] at 1-6. Song did not appeal.

On October 24, 2016, Song placed the present Motion to Vacate pursuant to 28 U.S.C. § 2255 in the prison mailing system, Mot. [212] at 12, and the Motion was filed into the record of this case on October 27, 2016. Song asks the Court to:

1) Reduce sentence to 87 months.
2) In the alternative, vacate his sentence, resentence, and grant an out-of-time notice of appeal.
3) I pray for immediate release.

*Id.*

In support of this request, Song advances the following grounds: (1) he qualifies for a minor-role reduction due to amendments in the commentary to United States Sentencing Guidelines Manual § 3B1.2; (2) his counsel was ineffective for failing to file a notice of appeal; and (3) his counsel was ineffective during negotiations of his Plea Agreement and the appellate and collateral-review

waivers contained therein. Grounds [212-1] at 2-7; *see also* Mem. [213] at 12-27. Song maintains that his Motion is timely because the minor-role reduction amendment is retroactive and because equitable tolling should apply. Grounds [212-1] at 7-8; *see also* Mem. [213] at 27-29.

## II.  DISCUSSION

Rule 4(b) of the Section 2255 Rules provides that

> [if] it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Section 2255 Rule 4(b).

A.  <u>Song's Motion was not filed within the applicable one-year limitation period.</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a one year statute of limitations governs habeas motions filed by federal inmates." *United States v. Wheaten*, 826 F.3d 843, 846 (5th Cir. 2016) (citing 28 U.S.C. § 2255(f)). Section 2255(f) provides that

> [t]he limitation period shall run from the latest of--
> (1)     the date on which the judgment of conviction becomes final;
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under § 2255(f)(1), "[w]hen a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). In this case, Song's Judgment of conviction became final on January 23, 2012. *See id.*; *see also* J. [152] at 1-6; Fed. R. App. P. 4(b)(1)(A). Song's § 2255 Motion, which was filed over four and a half years later, is untimely unless another provision of § 2255(f) applies or there is a basis for equitably tolling the statute of limitations. Song seems to assert that § 2255(f)(3) is applicable to his minor-role reduction claim and that he is otherwise entitled to equitable tolling.

B.  <u>The amendment to the commentary to U.S.S.G. § 3B1.2 has not been made retroactive on collateral review by the Supreme Court.</u>

Song maintains that his Motion, with respect to the minor-role reduction, is timely because Amendment 794 went into effect on November 1, 2015, less than one year ago. Grounds [212-1] at 7. As one district court has explained,

> [o]n November 1, 2015, the United States Sentencing Commission ("Commission") issued Amendment 794 (the Amendment), which amended the commentary to U.S.S.G. § 3B1.2. The Commission did so, finding that minor role reductions were being "applied inconsistently and more sparingly than the Commission intended." *United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). The Amendment was made retroactive by the Commission, not the Supreme Court, and applies retroactively only on direct appeal. *Id.*, at 523-524. U.S.S.G. § 1B1.10 lists all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review, rather than direct appeal, and Amendment 794 is not listed in § 1B1.10 as retroactively applicable. *See United States v. Hunley*, 2016 WL 4523417, * 1-2 (W. D. Va. 2016).

*Fakhoury v. United States*, No. CR RDB-14-0178, 2016 WL 4939226, at *2 (D. Md. Sept. 14, 2016); *see also Rosa-Lara v. United States*, No. 2:16CV955DAK, 2016 WL

-4-

4916796, at *2 (D. Utah Sept. 14, 2016) ("Amendment 794 has not been made retroactively applicable to cases on collateral review, only cases on direct appeal.").

Song's reliance upon Amendment 794 is misplaced. Because Song's claim is not based on a right newly recognized and made retroactively applicable to cases on collateral review by the Supreme Court, § 2255(f)(3) does not apply. Song's Motion is untimely absent equitable tolling.

C.  There is no basis to equitably toll the one-year limitation period.

The United States Court of Appeals for the Fifth Circuit has held that the one-year limitation period of the AEDPA "is not jurisdictional and, therefore, is subject to equitable tolling." *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). "The decision whether to equitably toll the limitations period turns on the facts and circumstances of each case." *Id.* The Fifth Circuit has cautioned, however, that "equitable tolling is permitted only in rare and exceptional circumstances." *Id.* (quotation omitted).

Song "bears the burden of establishing equitable tolling is appropriate." *Id.* at 365.

> In order to satisfy his burden, [Song] must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.

*Id.* (quoting *Lawrence v. Florida*, 549 U.S. 327 (2007)).

"Proceeding *pro se* is alone insufficient to equitably toll the AEDPA statute of limitations." *Id.* "Further, the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the

AEDPA statute of limitations." *Id.* at 366. "Likewise, ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." *Id.* "Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Id.*

Song alleges that he believed that his counsel was going to file a notice of direct appeal on his behalf, which he asserts prevented him from filing a timely § 2255 Motion. Grounds [212-1] at 7-8; Mem. [213] at 28-29. Song's deadline for filing a notice of appeal was January 23, 2012. *See* J. [152] at 1-6; Fed. R. App. P. 4(b)(1)(A). Song does not disclose when he determined that his counsel had not filed a notice of appeal. Nor has Song provided any explanation for why it took him over 4 years and 9 months after the deadline for filing a notice of appeal to submit his § 2255 Motion. Song has submitted other *pro se* filings in this case since November 6, 2014. *See* Motion [180] (Nov. 6, 2014); Letter [188] (Sept. 21, 2015); Resp. [209] (Aug. 1, 2016); Motion [210] (Aug. 1, 2016).

Even construing all of Song's allegations in his favor, he cannot demonstrate that he was pursuing his rights diligently, or that some extraordinary circumstance stood in his way of timely filing his § 2255 motion. *See Petty*, 530 F.3d at 365. Because Song's Motion is untimely, it should be denied pursuant to Rule 4(b) of the Section 2255 Rules. *See United States v. Plascencia*, 537 F.3d 385, 390 (5th Cir. 2008) (affirming district court's *sua sponte* dismissal of § 2255 motion that was filed outside the one-year limitation period).

### III.  CONCLUSION

For the foregoing reasons, it is clear from the Motion, related pleadings, and the record that Song is entitled to no relief, and the Court finds that Song's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 should be denied pursuant to Rule 4(b) of the Section 2255 Rules without an Answer by the United States Attorney and without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [212] of Defendant Je Song to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 3rd day of November, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE